ELADIO SANTANA HERNÁNDEZ ET UX., Plaintiffs and Appellants, *v.* PEDRO GARCÍA and IMPERIAL GUARANTEE AND ACCIDENT INSURANCE COMPANY, Defendants and Appellees.

No. 9967. Argued January 19, 1950.—Decided March 31, 1950.

*Francisco Hernández Vargas* for appellants.　*Wilson P. Colberg* for appellees.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The District Court of San Juan rendered judgment of dismissal in this case because it considered that the accident suffered by the coplaintiff was due to the fact that she alighted from a bus while it was still going and without waiting for it to halt at Stop 18 in Santurce. In the opinion delivered by the lower court in support of its judgment it did not set forth the findings of fact and conclusions of law. It merely stated:

"From the evidence presented and taking into account the credibility of each witness, the Court believes that the accident occurred as described by the defendant."

It then cited the authorities which it considered in point.

The plaintiffs appealed and allege that the lower court erred: (1) in not permitting them to cross-examine the witness Pedro Ramírez about the investigation made by the police in connection with the accident and specifically in sustaining defendants' objection to the question "Did the policeman examine there some witnesses?" as said question was not the object of the direct examination; (2) because the judge of the lower court had formed his opinion before he had been offered all the evidence of the case which was submitted by the parties and because it refused to set aside the hearing and set the case for a new hearing; (3) in failing to comply

with Rule 52(a) of the Civil Procedure; and (4) in rendering judgment of dismissal.

 As to the third assignment of error, once again we must call the attention of the courts to the provisions of Rule 52(a) to the effect that "In *all* actions the court shall set forth the facts as found by it and state separately its conclusions of law thereon . . ." (italics ours) and to what we have stated in the cases of *Meléndez* v. *Metro Taxicabs*, 68 P.R.R. 709, 711–712; *Varela* v. *Fuentes*, 70 P.R.R. 838; *Pérez* v. *Cruz*, 70 P.R.R. 890, and *Ferrer* v. *Varela, ante*, p. 70, to the effect that the provisions of said Rule must be complied with in order to put this Court in a position to determine whether its findings are supported by the evidence.[1]

To state in an opinion, as was done in the present case, that "from the evidence presented and taking into account the credibility of each witness, the Court believes that the accident occurred as described by the defendant," does not meet the requirements of Rule 52(a), *supra*, however, we accept that it means that the plaintiff was negligent in alighting from the bus while it was still moving, which was what appellees' witnesses testified as to the essential fact involved.

 The first two errors may be disposed of jointly. They refer to the incident which took place when plaintiffs' attorney was cross-examining defendants' witness, Pedro Ramírez, chauffeur of the bus. Said incident started as follows:

"Q. Did you say that a traffic policeman went by and you informed him of the accident?
"A. I called him so he would carry out the investigation.
"Q. Did he carry out the investigation?
"A. Yes, sir.

---

[1] We wish to notify the lower courts that in the future we shall feel compelled to set aside the judgment whenever it does not comply with the requirements of Rule 52(a), *supra*. The fulfilment of said Rule does not meet with any difficulties. On the contrary, it makes the opinion of the trial court plainer and clearer and eases our work as an appellate court. Attorneys are also under the obligation to petition the courts to reconsider their judgments if the Rule is not complied with.

"Q. And what else did he do?

"A. He went with me to the Municipal Court, and from there we went to the hospital, I on the bus and he on his motorcycle."

It continued and ended thus:

"Q. Then, did the policeman make his investigation there, on the place of the occurrence?

"A. Yes, sir.

"Q. Has that policeman given any testimony?

"Defendant: I object because it is immaterial.

"Judge: The court presumes that he testified at the Municipal Court. *None of the questions asked have been the object of direct examination and my colleague cannot ask questions unless they are the object of direct examination.* The only question which was object of direct examination is where you went.

"Plaintiff: Since the court presumes that the policeman testified at the Municipal Court . . .

"Judge: Furthermore, I imagine so, and if he did, his testimony must have been hearsay.

" . . . . . .

"Q. Did the policeman examine some witnesses there?

"Defendant: That was not the object of direct examination.

"Judge: It was not the object of direct examination. *The only question made in direct examination about the policeman, was where they went.* Let us hear what the policeman said.

"Plaintiff: It is not what the policeman said. It is what the witness testified that a policeman went by and that he called him about the case.

"Judge: Now, we are filling the record with questions that are immaterial to the point. Those are questions which will shed no light. *Moreover, I think that with the questions made I have the necessary evidence for deciding the case.*

"Plaintiff: Then, does your Honor mean that at this point you could dispose of the case with the evidence you have?

"Judge: *I have all the evidence from the plaintiffs,* and from the defendants I have five witnesses. I have enough to decide the case.

"Plaintiff: Then, that is all, your Honor.

"Defendant: Now, it should not be understood that the court is depriving you of cross-examination.

"Judge: What the court has stated is that with the evidence at hand, it may decide the case now, that does not mean that the

colleague may not have the right to ask all the questions *which he may ask according to the evidence.*

"Plaintiff: We understand from the statements in the record that the Judge could decide this case on the evidence presented and that no other evidence was necessary for deciding this case. If your Honor said that, it is in the record. If he did not say it, this attorney has a poor memory. Now, I also wish to state that this incident has come up because of defendants' objection which was sustained by the Court. We maintain that we have the right to ask a question on the investigation carried out by the policeman.

"Judge: The court ratified its statements that with the evidence before it *it can decide this case.* Now, that does not mean that the colleague may not ask any question he may wish. Now, with the evidence at hand *the court is able to decide this case. The court reaffirms it.*

"Plaintiff: Then the court does not need any other evidence?

"Judge: That is your concern. If the case is submitted right now the court can decide it. That does not preclude the colleague from bringing all the witnesses he may wish but let us not fill the record with unnecessary questions.

"Plaintiff: That is all.

"Defendant: That is all, your Honor.

"Judge: The witness may withdraw.

"Defendant: That is our case, your Honor.

"Judge: Is there any evidence in rebuttal?

"Plaintiff: We are now going to ask the court to set aside the hearing of this case because we understand that the statements of the court which have been the object of this incident show that the Honorable Judge had his mind made up on the outcome of this case before the case was submitted to your Honor and for this reason your Honor's attitude decidedly interrupted the presentation of the defendants' evidence and probably plaintiff's evidence in rebuttal. And for these reasons this attorney is of the opinion that the hearing should be set aside and that this case be included in the corresponding General Calendar for a new hearing.

"Defendant: We object because we believe that the court has not committed any error and the court has stated several times that although it has said that it can decide the case with the evidence before it, it has also explained to the plaintiff that it does not mean that he may not present all the evidence he may

wish. Moreover, the Law of Evidence provides exactly what your Honor has said here. Furthermore, the court may limit the number of witnesses.

"Judge: The court is going to deny the motion.

" . . . . . . . .

"Defendant: I want to make something clear because the colleague has made an imputation which may affect your Honor. The colleague has said that your Honor has his mind made up.

"Judge: That is the opinion of the colleague. What this court has said is that with the facts brought before it, it may dispose of the case. *As to having a formed opinion, I have no formed opinion.*

"Plaintiff: Your Honor, the colleague is now trying to correct the error committed in this case, according to our allegation, and we may or may not be mistaken. The colleague has said that your Honor has given this party an opportunity to present its evidence and to continue asking questions. Now the colleague raises the question of my having made an imputation to your Honor because I said that your Honor had his mind made up. Those matters are going to appear from the record. If the record shows it, we shall abide by it, but we think it is not the colleague who should defend himself before being accused.

"Judge: The statements of the court appear from the record. The statements made by the court can not be corrected by any attorney. The statements of the court have been included in the record as well as the statements of both colleagues. Now, the court wishes to make it known to the colleague *that it is ready to hear any evidence that he may wish to present.* And once more reaffirms that *with the evidence before it the case may be decided. Now, the court has never said that it had an opinion already formed . . .*" (Italics ours.)

In the first place we wish to say that the court erred in stating that none of the questions made by appellants' attorney had been object of direct examination. When the same witness testified as to what he did after the accident, he said: "And at that instant a policeman went by and I called him so he would carry out the investigation." And he was asked: "Did a policeman go by, how?" To what he answered: "On a motorcycle and I called him so he would make the investigation of the case and the policeman told me . . ." After-

wards he repeated the same on cross-examination. The record showed that the witness called the policeman so he would carry out the investigation. The question on cross-examination "Did the policeman examine some witnesses there?" therefore, was admissible. The appellants had the right, under § 517 of the Code of Civil Procedure (§ 155 of the Law of Evidence), to inquire into the kind of investigation that was carried out by the policeman immediately after the accident and what witnesses, if any, testified before the policeman. Not for the purpose of having the latter report what the witnesses had told him, for it would have been hearsay evidence, but for the purpose, among others, of using them as rebutting evidence if appellants so wished.

■ This much as to the admissibility of the question in itself. As to the statements of the court "I think that with the questions made I have the necessary evidence for deciding the case", "I have enough [evidence] to decide the case," repeated several times, we consider that under the attendant circumstances, they are improper. It is true that under § 513 of the Code of Civil Procedure (§ 151 of the Law of Evidence)[2] the courts have ample discretion to direct the form in which the evidence is to be presented at a trial and to stop the introduction of further evidence which it may consider unnecessary to prove a definite point. But, the same Section provides that "subject to this rule the parties may put such pertinent and legal questions as they see fit," and the question which gave rise to the incident, as we have said, was clearly admissible. Therefore, the court should not have stated that, "it had enough [evidence] to decide the case" before appel-

---

[2] Section 513 of the Code of Civil Procedure provides:

"The court must exercise a reasonable control over the mode of interrogation, so as to make it as rapid, as distinct, as little annoying to the witness, and as effective for the extraction of the truth as may be; but subject to this rule, the parties may put such pertinent and legal question as they see fit. The court, however, may stop the production of further evidence upon any particular point when the evidence upon it is already so full as to preclude reasonable doubt."

lants finished their cross-examination and had the right to present evidence in rebuttal.

 However, we consider that the error, although committed, is not reversible. The lower court on several occasions requested the plaintiffs to present any other evidence they might have and insisted that it had not its mind made up. The plaintiffs were not justified in refusing to continue the cross-examination of the witness because the court had refused to admit a single question, nor were they justified in refusing to present rebutting evidence if they had it. If any witness did testify in the investigation carried out by the policeman, after the accident took place, the plaintiffs could have learned about it before the trial, and availed themselves of the remedies granted under the Rules of Civil Procedure on discovery of evidence, interrogations, etc., in order to present their evidence at the trial. We cannot accept that the efficacy of plaintiffs' cause of action, depended exclusively on the answer that witness may have given to the question which was erroneously excluded by the court. Nor are we convinced that the incident reveals that the lower court acted moved by passion, prejudice or partiality. It rather reflects its intention to accelerate the trial by stating that the evidence was sufficient for deciding the case.

The last error is directed against the weighing of the evidence. We have read carefully the testimony of witnesses for both parties and, defendants' evidence which was believed by the court, is sufficient to support the judgment, which will be affirmed.